BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
rreynolds@bwslaw.com
Rafael R. Garcia-Salgado, Bar No. 283230
rgarcia@bwslaw.com
1851 East First Street
Suite 1550
Santa Ana, CA 92705-4067
Telephone: 949.863.3363
Facsimile: 949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>BRIAN K. HIGGINS dba DR. BRIAN K. HIGGINS, D.D.S.,<br><br>        Debtor, | Case No. 18-50528-MEH<br><br>Chapter Number: 11<br><br>**CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OPPOSITION TO DEBTOR'S MOTION TO TRANSFER INTEREST IN REAL PROPERTY**<br><br>Date: January 10, 2019<br>Time: 10:30 a.m.<br>Dept: 3020 |

TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby opposes the Debtor's Motion to Transfer Debtor's Interest in Real Property [Docket. No. 65] (the "Motion") in the above-referenced matter. This opposition is based on the authorities cited herein, and on such additional submissions and argument as may be presented at or before the confirmation hearing. In support of this Objection, Trinity respectfully states as follows:

**I.    INTRODUCTION**

Without any supporting authority in the Motion, the Debtor proposes to transfer the interest in his primary residence to his non-filing spouse. The Motion proves to be little more

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 1 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528    Doc# 71    Filed: 12/28/18    Entered: 12/28/18 16:23:11    Page 1 of 16

than a grand waste of parties and the Court's time, as the Debtor has no legal basis for either transferring his interest or walking away from his debt. Additionally, the Debtor has established a long history of filing incomplete cases, failing to make plan payments, and failing to confirm a plan. For the reasons set forth herein, the Court should deny confirmation of the Plan and dismiss this case.

## II. STATEMENT OF FACTS

### A. Trinity's Lien

1. Trinity's claim is evidenced by a promissory note executed by Debtor "Brian Keith Higgins and Heather Higgins, husband and wife," and dated October 4, 2005, in the original principal sum of $195,000 (the "Note"). The Debtor is the co-obligor on the Note along with his spouse, Heather Higgins. A copy of the Note is attached to Trinity's proof of claim no. 5 (the "Proof of Claim") as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a second deed of trust (the "Deed of Trust") encumbering the real property commonly known as 7465 Aberdeen Court, Gilroy, CA 95020 (the "Property"). A copy of the Deed of Trust is attached to Trinity's proof of claim no. 5 as filed in the instant bankruptcy case and incorporated herein by reference.

3. Subsequently, the Note was assigned to Trinity. Trinity, directly or through an agent, is in possession of the original promissory note. *See* CCR, Claim No. 5.

### B. The 2011 Case

4. On October 10, 2011, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Case Number 11-59410-ASW (the "2011 Case") [2011 Case Docket No. 1]. This was an incomplete filing, and on October 11, 2011, the Court issued its Order Providing for Dismissal for Failure to file Chapter 13 Plan [2011 Case Docket No. 1] and its Order to file Required Documents and Notice Regarding Dismissal [2011 Case Docket No. 6].

5. On October 11, 2011, the Debtor filed his Chapter 13 Plan [2011 Case Docket No. 7].

6. On October 20, 2011, the Debtor filed his Ex Parte Motion to Convert Case to

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 2 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528    Doc# 71    Filed: 12/28/18    Entered: 12/28/18 16:23:11    Page 2 of 16

1 | Chapter 11 [2011 Case Docket No. 10].

2 |     7.    On November 18, 2011, the Chapter 13 Trustee filed her Objection to

3 | Confirmation of the Chapter 13 Plan [2011 Case Docket No. 15].

4 |     8.    On November 21, 2011, the Debtor filed his Declaration in Support of Application

5 | for Ex Parte Order Converting Case to Chapter 11 [2011 Case Docket No. 16].

6 |     9.    On November 21, 2011, the Debtor filed his Schedules A-J, Statement of Financial

7 | Affairs, Disclosure of Compensation of Attorney for Debtor [2011 Case Docket No. 17].

8 |     10.    On November 21, 2011, the Debtor filed his Chapter 13 Statement of Current

9 | Monthly and Disposable Income [2011 Case Docket No. 18].

10 |     11.    On November 30, 2011, the first lien filed its Objection to Confirmation of the

11 | Chapter 13 Plan [2011 Case Docket No. 20].

12 |     12.    On December 2, 2011, the Court issued its Order Granting Motion to Convert Case

13 | to Chapter 11 [2011 Case Docket No. 21].

14 |     13.    On December 5, 2011, the Court issued its Order for Payment of State and Federal

15 | Taxes [Docket No. 22].

16 |     14.    On December 5, 2011, the Court issued its Order to file Required Documents and

17 | Notice Regarding Dismissal [2011 Case Docket No. 23].

18 |     15.    On December 5, 2011, the Chapter 13 Trustee filed her Statement of Non-

19 | Readiness for Confirmation [2011 Case Docket No. 24].

20 |     16.    On January 4, 2012, the Debtor filed his 2010 Tax documents [2011 Case Docket

21 | No. 43].

22 |     17.    On January 24, 2012, the Debtor filed his Amended Voluntary Petition [2011 Case

23 | Docket No. 48].

24 |     18.    On October 31, 2012, the Debtor filed his Combined Plan of Reorganization and

25 | Disclosure Statement [2011 Case Docket No. 64].

26 |     19.    On December 3, 2012, the U.S. Trustee filed its Objection to Debtor's Proposed

27 | Combined Plan of Reorganization and Disclosure Statement [2011 Case Docket No. 69].

28 |     20.    On December 7, 2012, Creditor Mary Catherine Washburn ("Washburn") filed her

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 3 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528   Doc# 71   Filed: 12/28/18   Entered: 12/28/18 16:23:11   Page 3 of 16

Objection to Confirmation of Plan [2011 Case Docket No. 70].

21. On May 14, 2013, the Debtor filed his First Amended Combined Plan of Reorganization and Disclosure Statement [2011 Case Docket No. 83].

22. On May 31, 2013, the U.S. Trustee filed its Objection to Confirmation of Debtor's First Amended Combined Plan of Reorganization and Disclosure Statement [2011 Case Docket No. 88].

23. On June 18, 2013, Washburn filed her Objection to Confirmation of Chapter 11 Plan [2011 Case Docket No. 90].

24. On June 24, 2013, Senior Lienholder, Deutsche Bank National Trustee Company as Trustee for the Holders of the First Franklin Mortgage Loan Trust 2006-FF1, Mortgage Pass through Certificates, Series 2006-FF1 ("Deutsche") filed its Objection to Approval of Disclosure Statement and Amended Plan [2011 Case Docket No. 93].

25. On June 25, 2013, Deutsche filed its Objection to Confirmation of Plan [2011 Case Docket No. 94].

26. On January 31, 2014, the U.S. Trustee filed its Motion to Dismiss or Convert Case to Chapter 7 [2011 Case Docket No. 105].

27. On April 18, 2014, the Debtor filed his Second Amended Combined Plan of Reorganization and Disclosure Statement [2011 Case Docket No. 115].

28. On May 2, 2014, Deutsche filed its Motion for Relief from the Automatic Stay [2011 Case Docket No. 120].

29. On May 20, 2014, the U.S. Trustee filed its Objection to Debtor's Second Amended Combined Plan of Reorganization and Disclosure Statement [2011 Case Docket No. 122].

30. On May 23, 2014, Creditor Washburn filed her Objection to Confirmation of Second Amended Plan [2011 Case Docket No. 127].

31. On May 23, 2014, Washburn filed her Declaration in Support of Objection to Confirmation of Second Amended Plan [2011 Case Docket No. 128].

32. On May 27, 2018, the Court issued its Interim Order on Deutsche's Motion for

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 4 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528    Doc# 71    Filed: 12/28/18    Entered: 12/28/18 16:23:11    Page 4 of 16

1  Relief from the Automatic Stay [2011 Case Docket No. 130].

2    33.  On May 28, 2014, Deutsche filed its Stipulation for Relief from the Automatic Stay [2011 Case Docket No. 131].

    34.  On May 29, 2014, the Debtor filed his Memorandum in Opposition to the Motion to Convert Case to Chapter 7 [Docket No. 132].

    35.  On June 4, 2014, the Court issued its Order on Deutsche's Stipulation for Relief from the Automatic Stay [2011 Case Docket No. 133].

    36.  On August 29, 2014, the U.S. Trustee filed its Objection to Confirmation of Second Amended Combined Plan of Reorganization and Disclosure Statement [2011 Case Docket No. 142].

    37.  On September 8, 2014, the Debtor filed his Summary of Ballots [2011 Case Docket No. 143].

    38.  On September 8, 2014, the Debtor filed his Memorandum in Support of Order Approving Disclosure Statement [2011 Case Docket No. 144].

    39.  On October 9, 2014, the Debtor filed his Declaration in Support of Second Amended Combined Plan of Reorganization and Disclosure Statement [2011 Case Docket No. 146].

    40.  On February 25, 2015, the Court issued its Order Dismissing Chapter 11 Case [2011 Case Docket No. 158], having granted the U.S. Trustee's Motion to Dismiss or Convert.

**C.  The 2015 Case**

    41.  On July 24, 2015, only five (5) months after the 2011 Case was dismissed, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, and was assigned Case Number 15-52426-SLJ (the "2015 Case") [2015 Case Docket No. 1]. This was also an incomplete filing, and on July 27, 2015, the Court issued its Order to file Required Documents and Notice Regarding Dismissal [2015 Case Docket No. 7].

    42.  On August 11, 2015, the Debtor filed his Motion to Approve Stipulation between the Debtor and the Internal Revenue Service (the "IRS") re Use of Cash Collateral [2015 Case Docket No. 18].

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 5 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528   Doc# 71   Filed: 12/28/18   Entered: 12/28/18 16:23:11   Page 5 of 16

43. On August 20, 2015, the Debtor filed a Motion to Extend the Automatic Stay [2015 Case Docket No. 21].

44. On August 31, 2015, the Debtor filed his Declaration in Support of Motion to Approve Stipulation between the Debtor and the IRS re Use of Case Collateral [2015 Case Docket No. 27].

45. On August 31, 2015, Deutsche filed its Opposition to Debtor's Motion to Extend the Automatic Stay [2015 Case Docket No. 28].

46. On September 2, 2015, Plaintiff, Myrna Thompson ("Thompson") filed her Adversary Complaint against the Debtor, and was assigned Adversary Case No. 15-05127-SLJ [2015 Case Docket No. 31].

47. On September 8, 2015, the Debtor filed his Withdrawal of Motion to Extend the Automatic Stay [2015 Case Docket No. 32].

48. On September 15, 2015, Deutsche filed his Motion to Approve Stipulation for Adequate Protection [2015 Case Docket No 35].

49. On October 1, 2015, the Court issued its Order Granting Motion to Approve Stipulation for Adequate Protection [2015 Case Docket No. 39].

50. On November 26, 2015, Deutsche filed its Declaration in Support of Motion to Approve Stipulation for Adequate Protection [2015 Case Docket No. 44].

51. On December 10, 2015, the Debtor filed his First Amended Motion to Approve Stipulation between the Debtor and the IRS re Use of Cash Collateral [2015 Case Docket No. 46].

52. On December 11, 2015, the Court issued its Order on Motion to Approve Stipulation between the Debtor and the IRS re Use of Cash Collateral [2015 Case Docket No. 47].

53. On December 11, 2015, the Court issued its Order Terminating the Automatic Stay after Default with Deutsche under Adequate Stipulation and Order [2015 Case Docket No. 48].

54. On January 4, 2016, the Debtor filed his Combined Plan of Reorganization and Tentatively Approved Disclosure Statement [2015 Case Docket No. 51].

55. On January 29, 2016, Thompson filed her Objection and Opposition to Debtor's Combined Plan of Reorganization and Tentatively Approved Disclosure Statement [2015 Case

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 6 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528   Doc# 71   Filed: 12/28/18   Entered: 12/28/18 16:23:11   Page 6 of 16

1 | Docket No. 57].

2 | 56. On February 12, 2016, the Court issued its Order Disapproving Disclosure
3 | Statement [2015 Case Docket No. 58].

4 | 57. On March 7, 2016, the Debtor filed his First Amended Disclosure Statement [2015
5 | Case Docket No. 60].

6 | 58. On March 7, 2016, the Debtor filed his First Amended Chapter 11 Plan [2015 Case
7 | Docket No. 61].

8 | 59. On March 17, 2016, Trinity filed its Stipulation between Trinity and the Debtor re
9 | Treatment of Trinity's Claim under the Debtor's proposed Chapter 11 Plan 2015 Case Docket No.
10 | 67].

11 | 60. On March 23, 2016 the Court issued its Order Adopting Stipulation re Treatment
12 | of Trinity's Claim under the Debtor's Chapter 11 Plan [2015 Case Docket No. 69].

13 | 61. On March 29, 2016, Thompson filed her Objection to Debtor's First Amended
14 | Plan of Reorganization and First Amended Disclosure Statement [2015 Case Docket No. 70].

15 | 62. On March 31, 2016, Deutsche filed its Objection to Debtor's First Amended
16 | Disclosure Statement [2015 Case Docket No. 72].

17 | 63. On April 7, 2016, the U.S. Trustee filed its Motion to Dismiss Case [2015 Case
18 | Docket No. 73].

19 | 64. On April 16, 2016, the Court issued its Order After Hearing on Approval of
20 | Disclosure Statement wherein the Debtor was instructed to file an Amended Disclosure Statement
21 | [2015 Case Docket No. 76].

22 | 65. On April 20, 2016, the IRS filed its Joinder to the U.S. Trustee's Motion to
23 | Dismiss [2015 Case Docket No. 77].

24 | 66. On May 13, 2016, the Court issued its Order Converting Chapter 11 Case to
25 | Chapter 7 [2015 Case Docket No. 80].

26 | 67. On May 31, 2016, Trinity filed its Motion for Relief from the Automatic Stay and
27 | its Declaration of Robert Madden in Support of Motion for Relief from the Automatic Stay [2015
28 | Case Docket No.(s) 84 and 87].

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 7 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528   Doc# 71   Filed: 12/28/18   Entered: 12/28/18 16:23:11   Page 7 of 16

68. On June 1, 2016, the Chapter 7 Trustee filed his declaration, under penalty of perjury, that the Debtor failed to submit a copy of his Federal Income Tax Documents (there is no Docket Entry No. assigned to this event).

69. On June 1, 2016, the Court issued its Order and Notice Regarding Failure of the Debtor to Submit a Copy of his Federal Income Tax Returns [2015 Case Docket No. 89].

70. On June 7, 2016, the Court issued its Order Granting Trinity's Motion for Relief from the Automatic Stay [Docket No. 93].

71. On July 21, 2016, Deutsche filed its Motion for Relief from the Automatic Stay [2015 Case Docket No. 96].

72. On August 16, 2016, the Chapter 7 Trustee filed his Report of No Distribution [2015 Case Docket No. 99].

73. On August 29, 2016, the Court issued its Order Granting Deutsche's Motion for Relief from the Automatic Stay [2015 Case Docket No. 101].

74. On September 14, 2016, the Court issued its Order Discharging Debtor and Final Decree [2015 Case Docket No. 103].

### D. The Adversary Case

75. On September 2, 2015, Thompson filed her Adversary Complaint against the Debtor, and was assigned Adversary Case No. 15-05127-SLJ [2015 Case Docket No. 31 and Adversary Case Docket No. 1].

76. On September 29, 2015, the Debtor filed his Answer to the Complaint [Adversary Case Docket No. 7].

77. On April 19, 2016, Thompson filed her Stipulation and Judgment for Non-Dischargeability relating to her fraud judgment obtained in state court, Case No. 114CV268412 in the Santa Clara County Superior Court [Adversary Case Docket No. 12].

78. On April 19, 2016, the Court issued its Order on Stipulation and Judgment for Non-Dischargeability. The Order reflects that Thompson's state court judgment, in the amount of $72,000.00, is non-dischargeable [Adversary Case Docket No. 13].

79. The Adversary Case was closed on June 30, 2016.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 8 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528   Doc# 71   Filed: 12/28/18   Entered: 12/28/18 16:23:11   Page 8 of 16

### E. The First 2017 Case

80. On July 1, 2017, just one (1) year after the prior case was closed, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Case Number 17-51737-SLJ (the "First 2017 Case") [First 2017 Case Docket No. 1]. Once again, this was an incomplete filing, and on July 24, 2017, the Court issued its Order to file Required Documents and Notice of Automatic Dismissal [First 2017 Case Docket No. 4].

81. On August 4, 2017, the Debtor filed his Chapter 13 Plan [First 2017 Case Docket No. 11].

82. On August 30, 2017, Deutsche filed its Objection to Confirmation of Chapter 13 Plan [First 2017 Case Docket No. 16].

83. On August 31, 2017, the Chapter 13 Trustee filed her Objection to Chapter 13 Plan [First 2017 Case Docket No. 17].

84. On September 13, 2017, the Chapter 13 Trustee filed her Statement of Non-Readiness for Confirmation [First 2017 Case Docket No. 20].

85. On September 14, 2017, the Chapter 13 Trustee filed her Motion to Dismiss Case [First 2017 Case Docket No. 21].

86. On September 18, 2017, the Court issued its Order of Dismissal and its Notice of Dismissal [First 2017 Case Docket Nos. 24 and 25].

87. This case was closed on November 15, 2017.

### F. The Second 2017 Case

88. On December 11, 2017, less than one (1) month after the prior case was closed, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned Case Number 17-52976-SLJ (the "Second 2017 Case") [Second 2017 Case Docket No. 1]. As in the Debtor's three prior filings, this was an incomplete filing, and on December 12, 2017, the Court issued its Order to file Required Documents and Notice of Automatic Dismissal [Second 2017 Case Docket No. 4].

89. On December 26, 2017, the Debtor filed his Chapter 13 Plan [Second 2017 Case Docket No. 14].

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 9 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528    Doc# 71    Filed: 12/28/18    Entered: 12/28/18 16:23:11    Page 9 of 16

90. On January 26, 2018, the Chapter 13 Trustee filed her Objection to Confirmation of Chapter 13 Plan [Second 2017 Case Docket No. 20].

91. On January 29, 2018, Trinity filed its Objection to Confirmation of Chapter 13 Plan [Second 2017 Case Docket No. 21].

92. On January 31, 2018, the Chapter 13 Trustee filed her Objection to Confirmation of Chapter 13 Plan [Second 2017 Case Docket No. 25].

93. On February 7, 2018, the Chapter 13 Trustee filed her Motion to Dismiss Case [Second 2017 Case Docket No. 27].

94. On February 7, 2018, the Chapter 13 Trustee filed her Statement of Non-Readiness for Confirmation [Second 2017 Case Docket No. 28].

95. On February 19, 2018, the Court issued its Order of Dismissal [Second 2017 Case Docket No. 31].

96. The case was closed on May 8, 2018.

**G.     The 2018 Case**

97. On March 12, 2018, less than one (1) month after the dismissal of the Second 2017 case, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, and was assigned Case Number 18-50528-MEH (the "2018 Case") [2018 Case Docket No. 1]. As in all four (4) of the Debtor's prior filings, this was an incomplete filing, and on March 13, 2018, the Court issued its Order to file Required Documents and Notice of Automatic Dismissal [2018 Case Docket No. 5].

98. On March 13, 2018, the Court issued its Order for Payment of State and Federal Taxes [2018 Case Docket No. 8].

99. On March 16, 2018, the Debtor filed his Motion to Impose Automatic Stay [2018 Case Docket No. 14].

100. On March 20, 2018, the Court issued its Order Imposing Automatic Stay as to the IRS only [2018 Case Docket No. 17].

101. On March 21, 2018, the Debtor filed his Motion for Order Extending Temporary Automatic Stay as to the IRS [2018 Case Docket No. 18].

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4819-6787-5972 v1
06836-0081.001

- 10 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528   Doc# 71   Filed: 12/28/18   Entered: 12/28/18 16:23:11   Page 10 of 16

102. On March 22, 2018, the Debtor filed his Schedules I-J, Statement of Financial Affairs for Individual [2018 Case Docket No. 19].

103. On March 22, 2018, the Court issued its Order Continuing the Stay as to the IRS only [2018 Case Docket No. 21].

104. On April 3, 2018, the Debtor filed his Stipulation with the IRS for use of Cash Collateral [2018 Case Docket No. 24].

105. On April 19, 2018 the Debtor filed his Motion to Approve Stipulation with the IRS for use of Cash Collateral [2018 Case Docket No. 32].

106. On April 24, 2018, the Court issued its Order Extending the Automatic Stay as to the IRS only [2018 Case Docket No. 33].

107. On April 24, 2018, the Court issued its Order Granting Motion to Approve Stipulation for use of Cash Collateral [2018 Case Docket No. 34].

108. On May 31, 2018, Deutsche filed its Motion for Relief from the Automatic Stay [2018 Case Docket No. 37].

109. On June 27, 2018, the Court issued its Order Granting Deutsche's Motion for Relief from the Automatic Stay [2018 Case Docket No. 42].

110. On July 18, 2018, Trinity filed its Proof of Claim secured by the Property with a total outstanding balance in the amount of $359,311.16 and a pre-petition arrearage claim of $180,564.81. *See* CCR, Claim No. 5.

111. On August 15, 2018, the Debtor filed his Motion to Extend the Automatic Stay as to the IRS only [2018 Case Docket No. 45].

112. On August 31, 2018, the Debtor filed his Motion to Extend Time to file Disclosure Statement and Plan [2018 Case Docket No. 48].

113. On August 31, 2018, the Court issued its Order Modifying Deadline to file Disclosure Statement and Plan [2018 Case Docket No. 49].

114. On September 4, 2018, the Court issued its Order Approving Motion to Extend the Automatic Stay as to the IRS only [2018 Case Docket No. 50].

115. The Debtor defaulted under the terms of the Note and Deed of Trust. On

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4819-6787-5972 v1
06836-0081.001

- 11 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528   Doc# 71   Filed: 12/28/18   Entered: 12/28/18 16:23:11   Page 11 of 16

September 10, 2018, a Notice of Default and Election to Cause Sale was recorded in Santa Clara County, Instrument No. 24019583.

116. On October 23, 2018, the Debtor filed his Motion to Extend Stay as to the IRS only [2018 Case Docket No. 57].

117. On November 13, 2018, the Debtor filed his proposed Combined Plan of Reorganization and Tentatively Approved Disclosure Statement (the "Plan") [2018 Case Docket No. 61].

118. On December 18, 2018, the Debtor filed his Motion to Transfer Interest in Real Property [2018 Case Docket 65] (the "Motion"). In his Motion, the Debtor misidentifies Trinity Financial Services, LLC as Newport Beach Holdings, LLC, the previous holder of the Debtor's second DOT.

## III. ARGUMENT

### A. Section 363 Does Not Provide Grounds for the Relief Requested

119. The Debtor cites to Section 363 of the Bankruptcy Code for the Motion's stated goal of "transferring" his interest in the Property to his wife. The Debtor explains that he is no longer able to service the debt against the Property. However, Section 363 does not provide a basis for the relief requested. Section 363(b)(1) states that the trustee or debtor-in-possession "may use, sell, or lease" property of the estate, but notably, there is no provision for fraudulently transferring property to escape liability thereon.

120. Section 363(f) does provide debtors in possession and /or trustees with the ability to "sell property . . . free and clear of any interest in such property of an entity other than the estate." However, the statute goes on to say they may do so "only if—(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property . . . ."

121. Here, the Debtor does not meet any of the requirements for sale of property under Section 363: (1) The Debtor cites no state law permitting him to walk away from his mortgage; (2) Trinity does not consent to the proposed transfer; and (3) the Debtor proposes to sell his

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 12 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528    Doc# 71    Filed: 12/28/18    Entered: 12/28/18 16:23:11    Page 12 of 16

interest in the Property for no consideration, when the Motion makes very clear that the Property is overencumbered.

122. As the Debtor has no legal basis for bringing the Motion, he should simply Debtor surrender the Property, or voluntarily dismiss the instant filing herein.

**B. <u>Section 17 of the Deed of Trust Specifically Prohibits the Proposed Transfer</u>**

123. Section 17 of the Debtor's second Deed of Trust states:

> **17**. Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 17, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.
>
> **If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.** However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.
>
> If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(emphasis added).

124. Debtor's Motion fails to explain how the proposed transfer would not be in violation of Section 17 of the Deed of Trust. Nor does the Debtor provide for funding of his secured debt in the inevitable event of the debt acceleration provided for in this section of his Deed of Trust. Therefore, the Debtor's Motion should be denied.

125. With the recent admission by counsel for the Debtor that (1) the proposed plan is fatally flawed and (2) the Debtor is divorcing and will lose ownership of the Property anyway, this case is entirely doomed. The Property is the Debtor's only substantial asset. Trinity requests that this case be dismissed so that the Debtor may commence his affairs anew and secured

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 13 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528    Doc# 71    Filed: 12/28/18    Entered: 12/28/18 16:23:11    Page 13 of 16

creditors may recover their collateral.

## IV. CONCLUSION

Based on the foregoing, Trinity respectfully requests that the Motion should not be granted and this case dismissed.

Dated: December 28, 2018

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Rafael Garcia
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4819-6787-5972 v1
06836-0081.001

- 14 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528    Doc# 71    Filed: 12/28/18    Entered: 12/28/18 16:23:11    Page 14 of 16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **18510 East First Street, Suite 1550, Santa Ana, CA 92705-4067**

**A true and correct copy of the foregoing document entitled (*specify*): CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OPPOSITION TO MOTION TO TRANSFER DEBTOR'S INTEREST IN REAL PROPERTY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **12/28/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Rafael Ramon Garcia-Salgado   rgarcia@bwslaw.com, bantle@bwslaw.com
- Charles B. Greene   cbgattyecf@aol.com
- Lynette C. Kelly   lynette.c.kelly@usdoj.gov, ustpregion17.oa.ecf@usdoj.gov
- Office of the U.S. Trustee / SJ   USTPRegion17.SJ.ECF@usdoj.gov
- Kelly Raftery   bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
- Richard J. Reynolds   rreynolds@bwslaw.com, psoeffner@bwslaw.com
- Jennifer C. Wong   bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **12/28/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| **Debtor:**<br>Brian K. Higgins<br>7465 Aberdeen Ct.<br>Gilroy, CA 95020 | **Co-Borrower/Interested Party:**<br>Heather Higgins<br>7465 Aberdeen Ct.<br>Gilroy, CA 95020 |
| **Debtor's Counsel:**<br>Charles B. Greene<br>Law Offices of Charles B. Greene<br>84 W. Santa Clara Street Suite 800<br>San Jose, CA 95113 | **Judge:**<br>Honorable M. Elaine Hammond<br>United States Courthouse<br>Room 3035<br>280 South First Street<br>San Jose, CA 95113-3099 |

☐ Service information continued on attached page

///

///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4819-6787-5972 v1
06836-0081.001

- 15 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528   Doc# 71   Filed: 12/28/18   Entered: 12/28/18 16:23:11   Page 15 of 16

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **12/28/18** | Bernadette C. Antle | [signature] |
| *Date* | *Printed Name* | *Signature* |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4819-6787-5972 v1
06836-0081.001

- 16 -

OPPOSITION TO MOTION TO TRANSFER INTEREST IN REAL PROPERTY

Case: 18-50528    Doc# 71    Filed: 12/28/18    Entered: 12/28/18 16:23:11    Page 16 of 16